09-1916 D

| PLAINTIFF(S) | DEFENDANT(S) |
|---|---|
| Christopher Torres | City of Fitchburg, et. al. |

| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE | ATTORNEY (if known) |
|---|---|
| Kevin C. Larson, Esquire<br>19 Salisbury St. Holden MA 01520<br>Board of Bar Overseers number: 647685 (508)829-8181 | |

## Origin code and track designation

Place an x in one box only:

- ☒ 1. F01 Original Complaint
- ☐ 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- ☐ 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)

- ☐ 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- ☐ 5. F05 Reactivated after rescript; relief from Judgment/Order (Mass.R.Civ.P. 60) (X)
- ☐ 6. E10 Summary Process Appeal (X)

## TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| E03 | Action against Municipality | (A) | (X) Yes ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses .................................................. $unknown
2. Total Doctor expenses ................................................... $ -0-
3. Total chiropractic expenses ............................................. $ -0-
4. Total physical therapy expenses ........................................ $ -0-
5. Total other expenses (describe) ........................................ $ -0-

**FILED**

Subtotal $ -0-

B. Documented lost wages and compensation to date ......................... $ -0-
**AUG 18 2009**
C. Documented property damages to date .................................... $ -0-
D. Reasonably anticipated future medical and hospital expenses ............ $ -0-
**ATTEST:**
E. Reasonably anticipated lost wages ...................................... $ -0-
F. Other documented items of damages (describe) _____ CLERK ............... $ -0-

G. Brief description of plaintiff's injury, including nature and extent of injury (describe)
Plaintiff suffered permanent scarring
and disfigurement on his face.
$ -0-

TOTAL $ -0-

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

TOTAL $ ............

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____

A true copy. photostatic process
Attest: _____
Asst. Clerk

## COMMONWEALTH OF MASSACHUSETTS
## TRIAL COURT

WORCESTER, SS.

SUPERIOR COURT DEPARTMENT
CIVIL ACTION NO. 09-1916

| | |
|---|---|
| CHRISTOPHER TORRES, | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| CITY OF FITCHBURG, **FILED** | ) |
| | ) |
| MICHAEL J. SEVIGNY, AUG 1 8 2009 | ) |
| | ) |
| ATTEST: _[signature]_ CLERK | ) |
| and | ) |
| | ) |
| SCOTT GABRIEL, | ) |
| | ) |
| Defendants. | ) |

**COMPLAINT AND DEMAND
FOR TRIAL BY JURY**

## I.  INTRODUCTION

   This action is brought by Christopher Torres against the City of Fitchburg and individuals for federal civil rights violations, violations of the Massachusetts Torts Claims Act and other Common Law claims arising out of an incident occurring on August 20, 2006 on Klondike Avenue in the City of Fitchburg, Massachusetts, which resulted in serious and permanent personal injuries to Christopher Torres.

## II.  JURISDICTION

   This action is brought pursuant to 42 U.S.C. §§1983 and the guarantees of the first, fourth, fifth, sixth, eighth, and fourteenth amendments to the United States Constitution and those aspects of liberty which emanate therefrom as well as the Massachusetts Declaration of Rights, Massachusetts General Laws Chapter 258, §§1 et. seq. and the Common Law.

## III. PARTIES

1. The Plaintiff, Christopher Torres, is an individual with a residential address of 85 Myrtle Avenue, 1st Floor, Fitchburg, Worcester County, Massachusetts.

2. The Defendant is the City of Fitchburg.

3. The Defendant, Michael J. Sevigny, upon information and belief, is an individual residing in Massachusetts, and at all times relative to this complaint was employed as a police officer with the City of Fitchburg, Massachusetts. The Defendant Sevigny is being sued in his official and individual capacity.

4. The Defendant, Scott Gabriel, upon information and belief, is an individual residing in Massachusetts, and at all times relative to this complaint was employed as a police officer with the City if Fitchburg, Massachusetts. The Defendant Gabriel is being sued in his official and individual capacity.

## IV. STATEMENT OF FACTS

5. On or about August 20, 2006, the Plaintiff, Christopher Torres, was stopped and questioned by the Defendants Sevigny and Gabriel on Klondike Avenue in the City of Fitchburg.

6. At the time, the Defendants Sevigny and Gabriel were working in their capacities as police officers.

7. The Plaintiff was alleged to have been the passenger in a vehicle involved in a "hit-and-run" motor vehicle accident.

8. The Defendants Sevigny and Gabriel responded to the scene to investigate the alleged accident.

9. Following some brief interaction, the Plaintiff was attacked and beaten by the Defendants Sevigny and Gabriel.

10. The Defendant Sevigny sprayed the Plaintiff in the face with pepper spray.

11. The Defendant Sevigny struck the Plaintiff repeatedly about his face, head, and body with a baton.

12. The Defendant Gabriel struck the Plaintiff in the face repeatedly with a closed fist.

13. The Defendants Gabriel and Sevigny kicked the Plaintiff repeatedly about his head and body.

14. The Plaintiff was subsequently placed under arrest and transported to Fitchburg Police Headquarters.

15. The Plaintiff was denied proper medical treatment until after the booking process was completed.

16. Following the incident, the Defendants Sevigny and Gabriel knowingly and intentionally falsified incident reports to cover up their actions.

17. As a result of the actions of the Defendants, the Plaintiff sustained severe personal injuries, including permanent scarring and disfigurement of his face.

18. On or about April 28, 2008, the Plaintiff presented the Mayor of the City of Fitchburg, Lisa A. Wong, with a demand pursuant to the Massachusetts Tort Claims Act in regard to the Defendants' actions of on or about August 20, 2006.

19. To date, the City of Fitchburg has not responded to the demand.

## COUNT I
### Assault and Battery v. Michael J. Sevigny

20. The Plaintiff repeats, reavers, and realleges paragraphs 1 through 19 as if fully set out herein and expressly makes them a part of Count I.

21. On or about August 20, 2006, the Defendant Sevigny did unlawfully commit assault and battery against the Plaintiff in violation of Massachusetts common law.

22. As a result of this assault and battery, the Plaintiff suffered serious and permanent personal injuries.

WHEREFORE, the Plaintiff, Christopher Torres, demands judgment against the Defendant, Michael J. Sevigny, in an amount to be determined by the Court and/or Jury, plus interest, costs, attorneys fees, and such other relief as this Court deems necessary and just.

## COUNT II
### Intentional Infliction of Emotional Distress v. Michael J. Sevigny

23. The Plaintiff repeats, reavers, and realleges paragraphs 1 through 22 as if fully set out herein and expressly makes them a part of Count II.

24. On or about August 20, 2006, the Defendant Sevigny did knowingly and intentionally inflict emotional distress upon the Plaintiff, causing him to be injured.

25. As a result of the Defendant Sevigny's intentional infliction of emotional distress, the Plaintiff suffered emotional distress, pain and suffering, mental anguish, humiliation and embarrassment of such severity and nature that no reasonable person could or should be expected to endure.

WHEREFORE, the Plaintiff, Christopher Torres, demands judgment against the Defendant, Michael J. Sevigny, in an amount to be determined by the Court and/or Jury, plus interest, costs, attorneys fees, and such other relief as this Court deems necessary and just.

## COUNT III
### Violation of 42 U.S.C. §1983 v. Michael J. Sevigny

26. The Plaintiff repeats, reavers, and realleges paragraphs 1 through 25 as if fully set out herein and expressly makes them a part of Count III.

27. The Plaintiff, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, and Article 11 of the Massachusetts Declaration of Rights, had the right to be free from excessive force.

28. The Defendant Sevigny's actions against the Plaintiff on or about August 20, 2009, constitute wanton and unnecessary infliction of pain of body and mind upon the Plaintiff, with force excessive of that necessary under the circumstances, which resulted in serious and permanent personal injuries to the Plaintiff.

29. By the actions described in this Complaint, the Defendant Sevigny, acting under color of law, deprived the Plaintiff of his civil rights, in violation of 42 U.S.C. §1983, by:

    (a) the unlawful and unjustified use of excessive force against the Plaintiff in violation of the Fourth and Fourteenth Amendments of the United States Constitution and Article 11 of the Massachusetts Declaration of Rights;

    (b) denying the Plaintiff immediate and proper medical attention; and

    (c) other deprivations of the Plaintiff's rights.

30. As a direct and proximate result of the deprivation of the Plaintiff's federal, statutory, and constitutional rights by the Defendant Sevigny, the Plaintiff suffered serious and permanent injuries and damages.

WHEREFORE, the Plaintiff, Christopher Torres, demands judgment against the Defendant, Michael J. Sevigny, in an amount to be determined by the Court and/or Jury, plus interest, costs, and attorneys fees pursuant to 42 U.S.C. §1983, and such other relief as this Court deems necessary and just.

## COUNT IV
### Assault and Battery v. Scott Gabriel

31. The Plaintiff repeats, reavers, and realleges paragraphs 1 through 30 as if fully set out herein and expressly makes them a part of Count IV.

32. On or about August 20, 2006, the Defendant Gabriel did unlawfully commit assault and battery against the Plaintiff in violation of Massachusetts common law.

33. As a result of this assault and battery, the Plaintiff suffered serious and permanent personal injuries.

WHEREFORE, the Plaintiff, Christopher Torres, demands judgment against the Defendant, Scott Gabriel, in an amount to be determined by the Court and/or Jury, plus interest, costs, attorneys fees, and such other relief as this Court deems necessary and just.

## COUNT V
### Intentional Infliction of Emotional Distress v. Scott Gabriel

34. The Plaintiff repeats, reavers, and realleges paragraphs 1 through 33 as if fully set out herein and expressly makes them a part of Count V.

35. On or about August 20, 2006, the Defendant Gabriel did knowingly and intentionally inflict emotional distress upon the Plaintiff, causing him to be injured.

36. As a result of the Defendant Gabriel's intentional infliction of emotional distress, the Plaintiff suffered emotional distress, pain and suffering, mental anguish, humiliation and embarrassment of such severity and nature that no reasonable person could or should be expected to endure.

WHEREFORE, the Plaintiff, Christopher Torres, demands judgment against the Defendant, Scott Gabriel, in an amount to be determined by the Court and/or Jury, plus interest, costs, attorneys fees, and such other relief as this Court deems necessary and just.

## COUNT VI
### Violation of 42 U.S.C. §1983 v. Scott Gabriel

37. The Plaintiff repeats, reavers, and realleges paragraphs 1 through 36 as if fully set out herein and expressly makes them a part of Count VI.

38. The Plaintiff, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, and Article 11 of the Massachusetts Declaration of Rights, had the right to be free from excessive force.

39. The Defendant Gabriel's actions against the Plaintiff on or about August 20, 2006 constitute wanton and unnecessary infliction of pain of body and mind upon the Plaintiff, with force excessive of that necessary under the circumstances, which resulted in serious and permanent personal injuries to the Plaintiff.

40. By the actions described in this Complaint, the Defendant Gabriel, acting under color of law, deprived the Plaintiff of his civil rights, in violation of 42 U.S.C. §1983, by:

   (a) the unlawful and unjustified use of excessive force against the Plaintiff in violation of the Fourth and Fourteenth Amendments of the United States Constitution and Article 11 of the Massachusetts Declaration of Rights;

   (b) denying the Plaintiff immediate and proper medical attention; and

(c) other deprivations of the Plaintiff's rights.

41. As a direct and proximate result of the deprivation of the Plaintiff's federal, statutory, and constitutional rights by the Defendant Gabriel, the Plaintiff suffered serious and permanent injuries and damages.

WHEREFORE, the Plaintiff, Christopher Torres, demands judgment against the Defendant, Scott Gabriel, in an amount to be determined by the Court and/or Jury, plus interest, costs, and attorneys fees pursuant to 42 U.S.C. §1983, and such other relief as this Court deems necessary and just.

## COUNT VII
### Negligence v. City of Fitchburg

42. The Plaintiff repeats, reavers, and realleges paragraphs 1 through 41 as if fully set out herein and expressly makes them a part of Count VII.

43. On or about August 20, 2006, the Defendant City of Fitchburg, its agents, employees and/or servants, negligently used excessive force upon the person of the Plaintiff.

44. On or about August 20, 2006, the Defendant City of Fitchburg, its agents, employees and/or servants negligently falsified various reports relating to this matter.

45. On or about August 20, 2006, the Defendant City of Fitchburg, its agents, employees and/or servants negligently presented false reports relating to this matter to the Fitchburg District Court and the Worcester County District Attorney's Office.

46. On or about August 20, 2006, the Defendant City of Fitchburg, its agents, employees and/or servants negligently failed to provide exculpatory information known to it relative to the Plaintiff's criminal charges to the Fitchburg District Court and the Worcester County District Attorney's Office.

47. On or about August 20, 2006, the Defendant City of Fitchburg, its agents, employees and/or servants negligently failed to promptly provide appropriate medical attention to the Plaintiff.

48. On or about August 20, 2006, and thereafter, the Defendant City of Fitchburg, its agents, employees and/or servants negligently failed to investigate the actions of the Defendants Sevigny and Gabriel.

49. The Defendant City of Fitchburg, its agents, employees and/or servants negligently failed to properly supervise and train the Defendants Sevigny and Gabriel with respect to their duties as officers of the Fitchburg Police Department.

50. On or about August 20, 2006, the Defendant City of Fitchburg, its agents, employees and/or servants were negligent in that it knew or reasonably should have known of the violent

and/or otherwise dangerous propensities of the Defendants Sevigny and Gabriel and continued to employ them as police officers.

51. As a result of the negligence of the City of Fitchburg, its agents, employees and/or servants, the Plaintiff sustained serious and permanent personal injuries and damages.

WHEREFORE, the Plaintiff, Christopher Torres, demands judgment against the Defendant, City of Fitchburg, in an amount to be determined by the Court and/or Jury, plus interest, costs, and attorneys fees pursuant to M.G.L. c. 258, and such other relief as this Court deems necessary and just.

**THE PLAINTIFF DEMANDS TRIAL BY JURY ON ALL COUNTS AND ISSUES.**

Respectfully submitted,
CHRISTOPHER TORRES
By his attorney,

Dated: August 17, 2009

Kevin C. Larson, Esquire
Law Office of Kevin C. Larson
19 Salisbury Street
Holden, MA 01520
(508) 829-8181
BBO# 647685

A true copy by photostatic process
Attest: _____
Asst. Clerk

COMMONWEALTH OF MASSACHUSETTS
TRIAL COURT

WORCESTER, SS.                    SUPERIOR COURT DEPARTMENT
                                  CIVIL ACTION NO.   09-1916 D

CHRISTOPHER TORRES,                  )
          Plaintiff,                 )
                                     )
v.                                   )
                                     )
CITY OF FITCHBURG,                   )
                                     )
MICHAEL J. SEVIGNY,                  )
                                     )
and                                  )
                                     )
SCOTT GABRIEL,                       )
                                     )
          Defendants.                )

**FILED**

AUG 1 8 2009

ATTEST: _Del Nell_ CLERK

## UNIFORM COUNSEL CERTIFICATION FOR CIVIL CASES

I am the attorney of record for Christopher Torres, Plaintiff in the above-entitled matter.

In accordance with Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) which states in part: "…Attorneys shall: provide their clients with this information about court-connected dispute resolution services; discuss with their clients the advantages and disadvantages of the various methods of dispute resolution; and certify their compliance with this requirement on the civil cover sheet or its equivalent…"

I hereby certify that I have complied with this requirement.

Dated: August 17, 2009

_____
Kevin C. Larson, Esquire
Law Office of Kevin C. Larson
19 Salisbury Street
Holden, MA 01520
(508) 829-8181
BBO#647685

A true copy by photostatic process
Attest: _____
        Asst. Clerk

COMMONWEALTH OF MASSACHUSETTS

WORCESTER, ss                          SUPERIOR COURT DEPARTMENT
                                       CIVIL ACTION NO.:  09-1916D


CHRISTOPHER TORRES,                    )
              Plaintiff,               )
                                       )
V.                                     )
                                       )                    3 0
CITY OF FITCHBURG,                     )
MICHAEL J. SEVIGNY,                    )
And SCOTT GABRIEL,                     )
              Defendants               )
                                       )

## NOTICE OF APPEARANCE

TO THE CLERK OF THE ABOVE NAMED COURT:

   Please enter my appearance as attorneys for the Defendants, City of Fitchburg, Michael J. Sevigny, and Scott Gabriel in the above-captioned matter.


                    Respectfully submitted,


                    _Leonard Kesten_
                    Leonard H. Kesten, BBO#542042
                    BRODY, HARDOON, PERKINS & KESTEN, LLP
                    One Exeter Plaza
                    Boston, MA 02116
                    (617) 880-7100
                    lkesten@bhpklaw.com


Dated:  September 29, 2009


CERTIFICATE OF SERVICE
I hereby certify that a true copy of the above document
was served upon the attorney of record for each other
party by mail-hand on _____     A true copy by photostatic process
CHK                                    Attest: _____
                                       Asst. Clerk

COMMONWEALTH OF MASSACHUSETTS

WORCESTER, ss                          SUPERIOR COURT DEPARTMENT
                                       CIVIL ACTION NO.: 09-1916D

CHRISTOPHER TORRES,                  )
              Plaintiff,             )
                                     )
V.                                   )
                                     )
CITY OF FITCHBURG,                   )                    30
MICHAEL J. SEVIGNY,                  )
And SCOTT GABRIEL,                   )
              Defendants             )

**NOTICE OF APPEARANCE**

TO THE CLERK OF THE ABOVE NAMED COURT:

Please enter my appearance as attorneys for the Defendants, City of Fitchburg,
Michael J. Sevigny, and Scott Gabriel in the above-captioned matter.

Respectfully submitted,

Jeremy I. Silverfine, BBO No. 542779
BRODY, HARDOON, PERKINS & KESTEN, LLP
One Exeter Plaza
Boston, MA 02116
(617) 880-7100
jsilverfine@bhpklaw.com

Dated: September 29, 2009

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document
was served upon the attorney of record for each other
party by mail-hand on 9/29/09      A true copy by photostatic process
                                   Attest.
                                   Asst. Clerk

9/15

## COMMONWEALTH OF MASSACHUSETTS
## SUPERIOR COURT DEPARTMENT

Worcester, SS.                                      **Civil Action No. 09-1916D**

**CHRISTOPHER TORRES,**
    **Plaintiff,**

v.

**CITY OF FITCHBURG,**
**MICHAEL J. SEVIGNY, and**
**SCOTT GABRIEL,**
    **Defendants,**



ATTEST: SEP 15 2009

CLERK

## NOTICE OF APPEARANCE

Kindly enter my appearance on behalf of the defendants, Michael Sevigny and Scott

Gabriel in the above captioned matter.

Defendants, Michael Sevigny and Scott Gabriel,
By their Attorney,

Douglas I. Louison   BBO# 545191
Louison, Costello, Condon & Pfaff, LLP
67 Batterymarch Street
Boston, MA 02110
(617) 439-0305

## CERTIFICATE OF SERVICE

I, Douglas I. Louison, hereby certify that on the _14_ day of _Sept_ 2009, I
served the foregoing by causing a copy to be mailed, postage prepaid, directed to: **Kevin C.**
**Larson, Esq.**, Law Offices of Kevin C. Larson, 19 Salisbury, Street, Holden, MA 01520.

Douglas I. Louison

1

A true copy by photostatic process
Attest: _Catherine Pennum_
       **Asst. Clerk**

# COMMONWEALTH OF MASSACHUSETTS

Worcester, ss.

**FILED**

SEP 2 5 2009

ATTEST

*[signature]*

Superior Court
Department of the Trial Court
of the Commonwealth
Civil Action

No. 09-1916

CHRISTOPHER TORRES,

)
)
)
)
**Plaintiff (s)**    )
)
v.                    )
)
CITY OF FITCHBURG,    )
MICHAEL J. SEVIGNY    )
and SCOTT GABRIEL,    )
                     )
**Defendant (s)**

**SUMMONS**

*[handwritten: 3]*

\*    To the above-named Defendant: City of Fitchburg

You are hereby summoned and required to serve upon................................
.......................................Kevin..C...Larson.............................plaintiff's attorney,
whose address is .19..Salisbury..Street,..Holden,..MA..01520..................
an answer to the complaint which is herewith served upon you, within 20 days after
service of this summons upon you, exclusive of the day of service. If you fail to do so,
judgement by default will be taken against you for the relief demanded in the complaint.
You are also required to file your answer to the complaint in the SUPERIOR COURT
Department of the Trial Court at WORCESTER either before service upon plaintiff's
attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counter-
claim any claim which you may have against the plaintiff which arises out of the
transaction of occurrence that is the subject matter of the plaintiff's claim or you will
thereafter be barred from making such claim in any other action.

Witness, Barbara J. Rouse,    Esquire, at Worcester, the........20th........
day of ....August...............................................in the year of our Lord two thousand and
....nine.......... .

*[signature]*

Clerk

NOTES
1   This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2   When more than one defendant is involved, the names of all defendants should appear in the caption.
    If a separate summons is used for each defendant, each should be addressed to that particular defendant.

PLEASE CIRCLE TYPE OF ACTION INVOLVED: TORT — MOTOR VEHICLE TORT —
CONTRACT EQUITABLE RELIEF — CH. 93A — MEDICAL MALPRACTICE — OTHER.

A true copy by photostatic process

\*    NOTICE TO DEFENDANT. You need not appear personally in court to answer the complaint but
    if you claim to have a defense, either you or your attorney must serve a copy of your written
    answer within 20 days as specified herein AND also file the original in the Clerk's Office, Superior
    Court, Room 1008.

Attest
Asst. Clerk

*[signature]*

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on ........ September   14, 1 ....................................................

20.09........, I served a copy of the within summons, together with a copy of the complaint in this action,

upon the within-named de'endant, in the following manner (See Mass. R. Civ. P 4(d) (1-5):

..............................................................................................................................................
.......... See  certified mail - return receipt requested ........................
..............................................................................................................................................

Dated: ....... September  14 ........., 20 09 ............  .

**N.B. TO PROCESS SERVER:**

PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS BOX

**ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.**

| | , 20 |
|---|---|

**COMMONWEALTH OF MASSACHUSETTS**

Worcester, ss.

**Superior Court
Civil Action**

No.

...................Plaintiff

v.

...................Defendant

**SUMMONS**

(Mass. R. Civ. P. 4)

# COMMONWEALTH OF MASSACHUSETTS

Worcester, ss.

Superior Court
Department of the Trial Court
of the Commonwealth
Civil Action

SEP 2 5 2009

ATTEST

No. 9-1916

CHRISTOPHER TORRES,

Plaintiff (s)

**SUMMONS**

v.

CITY OF FITCHBURG,
MICHAEL J. SEVIGNY
and SCOTT GABRIEL,

Defendant (s)

\*   To the above-named Defendant:      Scott Gabriel

You are hereby summoned and required to serve upon..................................
...............Kevin C. Larson.................................................................
whose address is 19 Salisbury Street, Holden, MA 01520, plaintiff's attorney,
an answer to the complaint which is herewith served upon you, within 20 days after
service of this summons upon you, exclusive of the day of service. If you fail to do so,
judgement by default will be taken against you for the relief demanded in the complaint.
You are also required to file your answer to the complaint in the SUPERIOR COURT
Department of the Trial Court at WORCESTER either before service upon plaintiff's
attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counter-
claim any claim which you may have against the plaintiff which arises out of the
transaction of occurrence that is the subject matter of the plaintiff's claim or you will
thereafter be barred from making such claim in any other action.

Witness. Barbara J. Rouse,      Esquire, at Worcester, the...20th.............
day of ....August................................ ............in the year of our Lord two thousand  and
......nine........ .

Clerk

NOTES.
1   This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2   When more than one defendant is involved, the names of all defendants should appear in the caption.
    If a separate summons is used for each defendant, each should be addressed to that particular defendant.

PLEASE CIRCLE TYPE OF ACTION INVOLVED: TORT — MOTOR VEHICLE TORT —
CONTRACT EQUITABLE RELIEF — CH. 93A — MEDICAL MALPRACTICE — OTHER copy by photostatic process
Attest

Asst. Clerk

\*      NOTICE TO DEFENDANT. You need not appear personally in court to answer the complaint, but
    if you claim to have a defense, either you or your attorney must serve a copy of your written
    answer within 20 days as specified herein AND also file the original in the Clerk's Office, Superior
    Court, Room 1008.

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on .....          ........ ................................................................

**Worcester County Sheriff's Office** • P.O. Box 1066 • Worcester, MA 01613 • (508) 752-1100

*Worcester, ss*                                                    09/16/2009

I hereby certify and return that on 09/15/2009 at 07:00pm I served a true
and attested copy of the S&C&Demand for Trial by Jury, Civil Action Cover
Sheet, Scheduling Order for A Track in this action in the following manner:
To wit, by delivering in hand to MICHAEL SEVIGNY  at 20 ELM ST, FITCHBURG,
MA. Fees: Service 20.00, Travel 0.00, Conveyance 0.00, Attest 5.00 &
Postage and Handling 1.00, Total fees: $26.00

Deputy Sheriff Patrick G Haverty    .

_____

                                              **Deputy Sheriff**

**N.B. TO PROCESS SERVER:**

PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS BOX

**ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.**

_____
|                          , 20  |
|_____|

COMMONWEALTH OF MASSACHUSETTS

Worcester, ss.

Superior Court
Civil Action

No.

.................................Plaintiff

v.

.................................Defendant

SUMMONS

(Mass. R. Civ. P. 4)

# COMMONWEALTH OF MASSACHUSETTS

Worcester, ss.

FILED

SEP 25 2009

ATTEST

Superior Court
Department of the Trial Court
of the Commonwealth
Civil Action

No. 09-1916

CHRISTOPHER TORRES,

)
)
)
Plaintiff (s)     )
)
v.               )        **SUMMONS**
)
CITY OF FITCHBURG,    )
MICHAEL J. SEVIGNY    )
and SCOTT GABRIEL,    )
Defendant (s)   )

\*   To the above-named Defendant:  ~~Michael J. Sevigny~~

You are hereby summoned and required to serve upon ..................................................
........Kevin C. Larson........................................................................Plaintiff's attorney,
whose address is ..19 Salisbury Street, Holden, MA 01520..............................................
an answer to the complaint which is herewith served upon you, within 20 days after
service of this summons upon you, exclusive of the day of service. If you fail to do so,
judgement by default will be taken against you for the relief demanded in the complaint.
You are also required to file your answer to the complaint in the SUPERIOR COURT
Department of the Trial Court at WORCESTER either before service upon plaintiff's
attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counter-
claim any claim which you may have against the plaintiff which arises out of the
transaction of occurrence that is the subject matter of the plaintiff's claim or you will
thereafter be barred from making such claim in any other action.

Witness, Barbara J. Rouse,   Esquire, at Worcester, the....20th.............
day of .....August.............. ..............................in the year of our Lord two thousand  and
....nine.......... .

Clerk

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption.
   If a separate summons is used for each defendant, each should be addressed to that particular defendant.

PLEASE CIRCLE TYPE OF ACTION INVOLVED: TORT — MOTOR VEHICLE TORT —
CONTRACT EQUITABLE RELIEF — CH 93A — MEDICAL MALPRACTICE — OTHER

A true copy by photostatic process
Attest
Asst. Clerk

\*      NOTICE TO DEFENDANT: You need not appear personally in court to answer the complaint, but
if you claim to have a defense, either you or your attorney must serve a copy of your written
answer within 20 days as specified herein AND also file the original in the Clerk's Office, Superior
Court, Room 1008.

## PROOF OF SERVICE OF PROCESS

**Worcester County Sheriff's Office** • P.O. Box 1066 • Worcester, MA 01613 • (508) 752-1100
*Worcester, ss*

09/16/2009

I hereby certify and return that on 09/15/2009 at 07:00pm I served a true
and attested copy of the S&C&Demand for Trial by Jury, Civil Action Cover
Sheet, Scheduling Order for A Track in this action in the following manner:
To wit, by delivering in hand to SCOTT GABRIEL at 20 ELM ST, FITCHBURG, MA.
Fees: Service 20.00, Travel 14.08, Conveyance 4.50, Attest 5.00 & Postage
and Handling 1.00, Total fees: $44.56

Deputy Sheriff Patrick G Haverty

_____

**Deputy Sheriff**

### N.B. TO PROCESS SERVER:

PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS BOX
**ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.**

, 20

COMMONWEALTH OF MASSACHUSETTS

Superior Court
Civil Action

No.

.......................................................... Plaintiff

v.

.......................................................... Defendant

SUMMONS

(Mass. R. Civ. P. 4)

Worcester, ss.

19/20

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

09- 1916 D

CIVIL ACTION NO.  09-11651

CHRISTOPHER TORRES,               )
                                  )
        Plaintiff,                )
                                  )
v.                                )
                                  )
CITY OF FITCHBURG,                )
MICHAEL J. SEVIGNY, and           )
SCOTT GABRIEL                     )
                                  )
        Defendants.               )
                                  )

2 0   09

## DEFENDANTS' NOTICE OF REMOVAL OF ACTION FROM STATE COURT

The defendants, City of Fitchburg, Michael J. Sevigny and Scott Gabriel, hereby

file this Notice of Removal of the above-described action to the United States District

Court for the District of Massachusetts from the Massachusetts State Court where the

action is now pending as provided by Title 28,  §§ 1441, 1446 U.S. Code.  As grounds

therefore, defendants state as follows:

1.    City of Fitchburg, Michael J. Sevigny and Scott Gabriel are the defendants in the

      above-entitled action.

2.    The above-entitled action was commenced in the Worcester Superior Court, Civil

      Session, Civil Action Number 09-1916D, and was filed on August 18, 2009 and is

      now pending in that court.

3.    The action is a civil action alleging that the defendants' actions resulted in the

      violation of plaintiff's civil rights.



i hereby certify that the
foregoing document is a full, true and correct copy of the
☐ electronic docket in the captioned case
☑ electronically filed original filed on 10/01/09
☐ original filed in my office on
    Sarah A. Thornton
    Clerk, U.S. District Court
    District of Massachusetts

By: _____
    Deputy Clerk

4. The United States District Court for the District of Massachusetts has jurisdiction by reason of the plaintiff's civil rights claim, pursuant to 18 U.S.C. §1983; M.G.L. c. 12 §§11H & 11I.

5. Upon information and belief, the plaintiff, Christopher Torres, is a resident of Massachusetts. Defendant City of Fitchburg, is a local municipality located in the County of Worcester, Massachusetts and Michael J. Sevigny and Scott Gabriel are police officers for the City of Fitchburg.

6. A copy of the Complaint filed by the plaintiff is attached as **Exhibit 1**.

7. Defendants will give written notice of the filing of this notice as required by 28 U.S.C. § 1446(d).

8. A copy of this notice will be filed with the clerk of the Worcester Superior Court as required by 28 U.S.C. § 1446(d).

9. A copy of the Defendants', City of Fitchburg, Michael J. Sevigny and Scott Gabriel, Civil Cover Sheet is attached as **Exhibit 2**.

WHEREFORE, the defendants, City of Fitchburg, Michael J. Sevigny and Scott Gabriel, requests that this action proceed in this Court as an action properly removed to it.

The Defendant,
City of Fitchburg, Michael J. Sevigny and
Scott Gabriel,
By its attorneys,


/s/ Jeremy Silverfine
Leonard H. Kesten, BBO #542042
Jeremy Silverfine, BBO #542779
BRODY, HARDOON, PERKINS & KESTEN
One Exeter Plaza, 12th Floor
Boston, MA 02116
(617) 880-7100

Dated: October 1, 2009

2

## CERTIFICATE OF SERVICE

I hereby certify that this document was filed through the ECF system and will therefore be sent electronically to the registered participants as identified on the Notice of Electric Filing (NEF) and paper copies will be sent this day to those participants indicated as non-registered participants.

_/s/ Jeremy Silverfine_
Jeremy I. Silverfine, BBO #542779

Dated: 10-1-09

A true copy by photostatic process

Attest _____

Asst. Clerk

COMMONWEALTH OF MASSACHUSETTS
TRIAL COURT

WORCESTER, SS.

SUPERIOR COURT DEPARTMENT
CIVIL ACTION NO.    09-1916 D

CHRISTOPHER TORRES,
    Plaintiff,
)
)
)

v.
)
)

CITY OF FITCHBURG,
)
)

**RECEIVED**

**AUG 18 2009**

**CLERK OF COURTS**
**WORCESTER COUNTY**

MICHAEL J. SEVIGNY,
)
)

**COMPLAINT AND DEMAND**
**FOR TRIAL BY JURY**

and
)
)

SCOTT GABRIEL,
)
)

    Defendants.
)
)

## I. INTRODUCTION

This action is brought by Christopher Torres against the City of Fitchburg and individuals for federal civil rights violations, violations of the Massachusetts Torts Claims Act and other Common Law claims arising out of an incident occurring on August 20, 2006 on Klondike Avenue in the City of Fitchburg, Massachusetts, which resulted in serious and permanent personal injuries to Christopher Torres.

## II. JURISDICTION

This action is brought pursuant to 42 U.S.C. §§1983 and the guarantees of the first, fourth, fifth, sixth, eighth, and fourteenth amendments to the United States Constitution and those aspects of liberty which emanate therefrom as well as the Massachusetts Declaration of Rights, Massachusetts General Laws Chapter 258, §§1 et. seq. and the Common Law.

## III. PARTIES

1. The Plaintiff, Christopher Torres, is an individual with a residential address of 85 Myrtle Avenue, 1st Floor, Fitchburg, Worcester County, Massachusetts.

2. The Defendant is the City of Fitchburg.

3. The Defendant, Michael J. Sevigny, upon information and belief, is an individual residing in Massachusetts, and at all times relative to this complaint was employed as a police officer with the City of Fitchburg, Massachusetts. The Defendant Sevigny is being sued in his official and individual capacity.

4. The Defendant, Scott Gabriel, upon information and belief, is an individual residing in Massachusetts, and at all times relative to this complaint was employed as a police officer with the City if Fitchburg, Massachusetts. The Defendant Gabriel is being sued in his official and individual capacity.

## IV. STATEMENT OF FACTS

5. On or about August 20, 2006, the Plaintiff, Christopher Torres, was stopped and questioned by the Defendants Sevigny and Gabriel on Klondike Avenue in the City of Fitchburg.

6. At the time, the Defendants Sevigny and Gabriel were working in their capacities as police officers.

7. The Plaintiff was alleged to have been the passenger in a vehicle involved in a "hit-and-run" motor vehicle accident.

8. The Defendants Sevigny and Gabriel responded to the scene to investigate the alleged accident.

9. Following some brief interaction, the Plaintiff was attacked and beaten by the Defendants Sevigny and Gabriel.

10. The Defendant Sevigny sprayed the Plaintiff in the face with pepper spray.

11. The Defendant Sevigny struck the Plaintiff repeatedly about his face, head, and body with a baton.

12. The Defendant Gabriel struck the Plaintiff in the face repeatedly with a closed fist.

13. The Defendants Gabriel and Sevigny kicked the Plaintiff repeatedly about his head and body.

14. The Plaintiff was subsequently placed under arrest and transported to Fitchburg Police Headquarters.

15. The Plaintiff was denied proper medical treatment until after the booking process was completed.

16. Following the incident, the Defendants Sevigny and Gabriel knowingly and intentionally falsified incident reports to cover up their actions.

17. As a result of the actions of the Defendants, the Plaintiff sustained severe personal injuries, including permanent scarring and disfigurement of his face.

18. On or about April 28, 2008, the Plaintiff presented the Mayor of the City of Fitchburg, Lisa A. Wong, with a demand pursuant to the Massachusetts Tort Claims Act in regard to the Defendants' actions of on or about August 20, 2006.

19. To date, the City of Fitchburg has not responded to the demand.

## COUNT I
### Assault and Battery v. Michael J. Sevigny

20. The Plaintiff repeats, reavers, and realleges paragraphs 1 through 19 as if fully set out herein and expressly makes them a part of Count I.

21. On or about August 20, 2006, the Defendant Sevigny did unlawfully commit assault and battery against the Plaintiff in violation of Massachusetts common law.

22. As a result of this assault and battery, the Plaintiff suffered serious and permanent personal injuries.

WHEREFORE, the Plaintiff, Christopher Torres, demands judgment against the Defendant, Michael J. Sovigny, in an amount to be determined by the Court and/or Jury, plus interest, costs, attorneys fees, and such other relief as this Court deems necessary and just.

## COUNT II
### Intentional Infliction of Emotional Distress v. Michael J. Sevigny

23. The Plaintiff repeats, reavers, and realleges paragraphs 1 through 22 as if fully set out herein and expressly makes them a part of Count II.

24. On or about August 20, 2006, the Defendant Sevigny did knowingly and intentionally inflict emotional distress upon the Plaintiff, causing him to be injured.

25. As a result of the Defendant Sevigny's intentional infliction of emotional distress, the Plaintiff suffered emotional distress, pain and suffering, mental anguish, humiliation and embarrassment of such severity and nature that no reasonable person could or should be expected to endure.

WHEREFORE, the Plaintiff, Christopher Torres, demands judgment against the Defendant, Michael J. Sevigny, in an amount to be determined by the Court and/or Jury, plus interest, costs, attorneys fees, and such other relief as this Court deems necessary and just.

## COUNT III
### Violation of 42 U.S.C. §1983 v. Michael J. Sevigny

26. The Plaintiff repeats, reavers, and realleges paragraphs 1 through 25 as if fully set out herein and expressly makes them a part of Count III.

27. The Plaintiff, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, and Article 11 of the Massachusetts Declaration of Rights, had the right to be free from excessive force.

28. The Defendant Sevigny's actions against the Plaintiff on or about August 20, 2009, constitute wanton and unnecessary infliction of pain of body and mind upon the Plaintiff, with force excessive of that necessary under the circumstances, which resulted in serious and permanent personal injuries to the Plaintiff.

29. By the actions described in this Complaint, the Defendant Sevigny, acting under color of law, deprived the Plaintiff of his civil rights, in violation of 42 U.S.C. §1983, by:

    (a) the unlawful and unjustified use of excessive force against the Plaintiff in violation of the Fourth and Fourteenth Amendments of the United States Constitution and Article 11 of the Massachusetts Declaration of Rights;

    (b) denying the Plaintiff immediate and proper medical attention; and

    (c) other deprivations of the Plaintiff's rights.

30. As a direct and proximate result of the deprivation of the Plaintiff's federal, statutory, and constitutional rights by the Defendant Sevigny, the Plaintiff suffered serious and permanent injuries and damages.

WHEREFORE, the Plaintiff, Christopher Torres, demands judgment against the Defendant, Michael J. Sevigny, in an amount to be determined by the Court and/or Jury, plus interest, costs, and attorneys fees pursuant to 42 U.S.C. §1983, and such other relief as this Court deems necessary and just.

## COUNT IV
### Assault and Battery v. Scott Gabriel

31. The Plaintiff repeats, reavers, and realleges paragraphs 1 through 30 as if fully set out herein and expressly makes them a part of Count IV.

32. On or about August 20, 2006, the Defendant Gabriel did unlawfully commit assault and battery against the Plaintiff in violation of Massachusetts common law.

33. As a result of this assault and battery, the Plaintiff suffered serious and permanent personal injuries.

WHEREFORE, the Plaintiff, Christopher Torres, demands judgment against the Defendant, Scott Gabriel, in an amount to be determined by the Court and/or Jury, plus interest, costs, attorneys fees, and such other relief as this Court deems necessary and just.

## COUNT V
### Intentional Infliction of Emotional Distress v. Scott Gabriel

34. The Plaintiff repeats, reavers, and realleges paragraphs 1 through 33 as if fully set out herein and expressly makes them a part of Count V.

35. On or about August 20, 2006, the Defendant Gabriel did knowingly and intentionally inflict emotional distress upon the Plaintiff, causing him to be injured.

36. As a result of the Defendant Gabriel's intentional infliction of emotional distress, the Plaintiff suffered emotional distress, pain and suffering, mental anguish, humiliation and embarrassment of such severity and nature that no reasonable person could or should be expected to endure.

WHEREFORE, the Plaintiff, Christopher Torres, demands judgment against the Defendant, Scott Gabriel, in an amount to be determined by the Court and/or Jury, plus interest, costs, attorneys fees, and such other relief as this Court deems necessary and just.

## COUNT VI
### Violation of 42 U.S.C. §1983 v. Scott Gabriel

37. The Plaintiff repeats, reavers, and realleges paragraphs 1 through 36 as if fully set out herein and expressly makes them a part of Count VI.

38. The Plaintiff, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, and Article 11 of the Massachusetts Declaration of Rights, had the right to be free from excessive force.

39. The Defendant Gabriel's actions against the Plaintiff on or about August 20, 2006 constitute wanton and unnecessary infliction of pain of body and mind upon the Plaintiff, with force excessive of that necessary under the circumstances, which resulted in serious and permanent personal injuries to the Plaintiff.

40. By the actions described in this Complaint, the Defendant Gabriel, acting under color of law, deprived the Plaintiff of his civil rights, in violation of 42 U.S.C. §1983 by:

    (a) the unlawful and unjustified use of excessive force against the Plaintiff in violation of the Fourth and Fourteenth Amendments of the United States Constitution and Article 11 of the Massachusetts Declaration of Rights;

    (b) denying the Plaintiff immediate and proper medical attention; and

(c) other deprivations of the Plaintiff's rights.

41. As a direct and proximate result of the deprivation of the Plaintiff's federal, statutory, and constitutional rights by the Defendant Gabriel, the Plaintiff suffered serious and permanent injuries and damages.

WHEREFORE, the Plaintiff, Christopher Torres, demands judgment against the Defendant, Scott Gabriel, in an amount to be determined by the Court and/or Jury, plus interest, costs, and attorneys fees pursuant to 42 U.S.C. §1983, and such other relief as this Court deems necessary and just.

## COUNT VII
### Negligence v. City of Fitchburg

42. The Plaintiff repeats, reavers, and realleges paragraphs 1 through 41 as if fully set out herein and expressly makes them a part of Count VII.

43. On or about August 20, 2006, the Defendant City of Fitchburg, its agents, employees and/or servants, negligently used excessive force upon the person of the Plaintiff.

44. On or about August 20, 2006, the Defendant City of Fitchburg, its agents, employees and/or servants negligently falsified various reports relating to this matter.

45. On or about August 20, 2006, the Defendant City of Fitchburg, its agents, employees and/or servants negligently presented false reports relating to this matter to the Fitchburg District Court and the Worcester County District Attorney's Office.

46. On or about August 20, 2006, the Defendant City of Fitchburg, its agents, employees and/or servants negligently failed to provide exculpatory information known to it relative to the Plaintiff's criminal charges to the Fitchburg District Court and the Worcester County District Attorney's Office.

47. On or about August 20, 2006, the Defendant City of Fitchburg, its agents, employees and/or servants negligently failed to promptly provide appropriate medical attention to the Plaintiff.

48. On or about August 20, 2006, and thereafter, the Defendant City of Fitchburg, its agents, employees and/or servants negligently failed to investigate the actions of the Defendants Sevigny and Gabriel.

49. The Defendant City of Fitchburg, its agents, employees and/or servants negligently failed to properly supervise and train the Defendants Sevigny and Gabriel with respect to their duties as officers of the Fitchburg Police Department.

50. On or about August 20, 2006, the Defendant City of Fitchburg, its agents, employees and/or servants were negligent in that it knew or reasonably should have known of the violent

and/or otherwise dangerous propensities of the Defendants Sevigny and Gabriel and continued to employ them as police officers.

51. As a result of the negligence of the City of Fitchburg, its agents, employees and/or servants, the Plaintiff sustained serious and permanent personal injuries and damages.

WHEREFORE, the Plaintiff, Christopher Torres, demands judgment against the Defendant, City of Fitchburg, in an amount to be determined by the Court and/or Jury, plus interest, costs, and attorneys fees pursuant to M.G.L. c. 258, and such other relief as this Court deems necessary and just.

THE PLAINTIFF DEMANDS TRIAL BY JURY ON ALL COUNTS AND ISSUES.

Respectfully submitted,
CHRISTOPHER TORRES
By his attorney,

Dated: August 17, 2009

Kevin C. Larson, Esquire
Law Office of Kevin C. Larson
19 Salisbury Street
Holden, MA 01520
(508) 829-8181
BBO# 647685

`⬝JS 44 (Rev. 12/07)`

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Christopher Torres

**DEFENDANTS**

City of Fitchburg, Michael Sevigny and Scott Gabriel

**(b)** County of Residence of First Listed Plaintiff    Worcester
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant    Worcester
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Kevin Larson, Law Office of Kevin Larson, 19 Salisbury St., Holden, MA  (508) 829-8181

Attorneys (If Known)

Jeremy Silverfine and Leonard Kesten/ Brody, Hardoon, Perkins & Kesten, One Exeter Plaza, Boston, MA  02116  (617)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

| | | |
|---|---|---|
| ☐ 1 U.S. Government Plaintiff | ☒ 3 Federal Question (U.S. Government Not a Party) | |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity (Indicate Citizenship of Parties in Item III) | |

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff

(For Diversity Cases Only) and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | **PERSONAL INJURY** | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | ☐ 362 Personal Injury - | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | Med. Malpractice | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | ☐ 365 Personal Injury - | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | ☐ 368 Asbestos Personal | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Injury Product | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | Liability | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | **PERSONAL PROPERTY** | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 380 Other Personal | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | ☐ 385 Property Damage | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | Product Liability | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | Alien Detainee | | ☐ 950 Constitutionality of |
| | Other | | ☐ 465 Other Immigration | | State Statutes |
| | ☒ 440 Other Civil Rights | | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

| | | | | | |
|---|---|---|---|---|---|
| ☐ 1 Original Proceeding | ☒ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from another district (specify) | ☐ 6 Multidistrict Litigation | ☐ 7 Appeal to District Judge from Magistrate Judgment |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. Sec. 1983 and Fourth and Fourteenth Amendment

Brief description of cause:
Plaintiff claims had right to be free from excessive force

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):    JUDGE                      DOCKET NUMBER

DATE
10/1/09

SIGNATURE OF ATTORNEY OF RECORD

## FOR OFFICE USE ONLY

RECEIPT #_____   AMOUNT_____   APPLYING IFP_____   JUDGE_____   MAG. JUDGE_____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1.  Title of case (name of first party on each side only) __Torres v. Fitchburg__

2.  Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet.  (See local rule 40.1(a)(1)).

| | | |
|---|---|---|
| [ ] | I. | 160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT. |
| [✓] | II. | 195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950. *Also complete AO 120 or AO 121 for patent, trademark or copyright cases |
| [ ] | III. | 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891. |
| [ ] | IV. | 220, 422, 423, 430, 460, 462, 463, 465, 480, 490, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900. |
| [ ] | V. | 150, 152, 153. |

3.  Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

4.  Has a prior action between the same parties and based on the same claim ever been filed in this court?

    YES [ ]     NO [✓]

5.  Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?  (See 28 USC §2403)

    YES [ ]     NO [✓]

    If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

    YES [ ]     NO [ ]

6.  Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

    YES [ ]     NO [✓]

7.  Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

    YES [✓]     NO [ ]

    A.  If yes, in which division do all of the non-governmental parties reside?

    Eastern Division [ ]     Central Division [✓]     Western Division [ ]

    B.  If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

    Eastern Division [ ]     Central Division [ ]     Western Division [ ]

8.  If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

    YES [ ]     NO [✓]

(PLEASE TYPE OR PRINT)

ATTORNEY'S NAME Jeremy Silverfine

ADDRESS Brody, Hardoon, Perkins, & Kesten, LLP, One Exeter Plaza, Boston, MA 02116

TELEPHONE NO. (617) 880-7100

(CategoryForm-08.wpd -2/8/08)

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Christopher Torres

**DEFENDANTS**

City of Fitchburg, Michael Sevigny and Scott Gabriel

**(b)** County of Residence of First Listed Plaintiff   Worcester
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   Worcester
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Kevin Larson, Law Office of Kevin Larson, 19 Salisbury St., Holden, MA  (508) 829-8181

Attorneys (If Known)

Jeremy Silverfine and Leonard Kesten/ Brody, Hardoon, Perkins & Kesten, One Exeter Plaza, Boston, MA  02116  (617)

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

| | |
|---|---|
| ☐ 1  U.S. Government Plaintiff | ☒ 3  Federal Question (U.S. Government Not a Party) |
| ☐ 2  U.S. Government Defendant | ☐ 4  Diversity (Indicate Citizenship of Parties in Item III) |

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                   and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | Alien Detainee | | ☐ 950 Constitutionality of |
| | Other | | ☐ 465 Other Immigration | | State Statutes |
| | ☒ 440 Other Civil Rights | | Actions | | |

## V. ORIGIN   (Place an "X" in One Box Only)

| | | | | | Appeal to District |
|---|---|---|---|---|---|
| ☐ 1  Original Proceeding | ☒ 2  Removed from State Court | ☐ 3  Remanded from Appellate Court | ☐ 4  Reinstated or Reopened | ☐ 5  Transferred from another district (specify) | ☐ 6  Multidistrict Litigation | ☐ 7  Judge from Magistrate Judgment |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. Sec. 1983 and Fourth and Fourteenth Amendment
Brief description of cause:
Plaintiff claims had right to be free from excessive force

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S)
IF ANY

(See instructions):   JUDGE _____   DOCKET NUMBER _____

DATE   10/1/09

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

1. Title of case (name of first party on each side only) _Torres v. Fitchburg_

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet.   (See local rule 40.1(a)(1)).

| | | |
|---|---|---|
| ☐ | I. | 160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT. |
| ✔ | II. | 195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.   *Also complete AO 120 or AO 121 for patent, trademark or copyright cases |
| ☐ | III. | 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891. |
| ☐ | IV. | 220, 422, 423, 430, 460, 462, 463, 465, 480, 490, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900. |
| ☐ | V. | 150, 152, 153. |

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

   YES ☐     NO ✔

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?   (See 28 USC §2403)

   YES ☐     NO ✔

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

   YES ☐     NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

   YES ☐     NO ✔

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

   YES ✔     NO ☐

   A.    If yes, in which division do all of the non-governmental parties reside?

   Eastern Division ☐        Central Division ✔        Western Division ☐

   B.    If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

   Eastern Division ☐        Central Division ☐        Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (if yes, submit a separate sheet identifying the motions)

   YES ☐     NO ✔

(PLEASE TYPE OR PRINT)

ATTORNEY'S NAME _Jeremy Silverfine_

ADDRESS _Brody, Hardoon, Perkins, & Kesten, LLP, One Exeter Plaza, Boston, MA 02116_

TELEPHONE NO. _(617) 880-7100_

(CategoryForm-08.wpd  -2/8/08)

COMMONWEALTH OF MASSACHUSETTS

WORCESTER, ss                                   SUPERIOR COURT DEPARTMENT
                                                CIVIL ACTION NO.:  09-1916D

```
                                    )
CHRISTOPHER TORRES,                 )
        Plaintiff,                  )
                                    )
V.                                  )
                                    )
CITY OF FITCHBURG,                  )
MICHAEL J. SEVIGNY,                 )
And SCOTT GABRIEL,                  )
        Defendants                  )
                                    )
```

## WRITTEN NOTICE OF REMOVAL TO
## FEDERAL COURT PURSUANT TO 28 U.S.C. §1446(d)

A Notice of Removal of the above-captioned action from the Superior Court of

the Commonwealth of Massachusetts, Middlesex County, to the United States District

Court for the District of Massachusetts (a copy of which Notice is filed herewith) was

duly filed on October 1, 2009, in the United States District Court for the District of

Massachusetts. A copy of the Notice of Removal, certified by the United States District

Court for the District of Massachusetts, having been duly filed with the Clerk for the

Superior Court of the Commonwealth of Massachusetts, Middlesex County, in

accordance with 28 U.S.C. §1446(d), the Superior Court shall proceed no further herein

unless and until the case is remanded.

Respectfully submitted,
Defendants,
City of Fitchburg, Michael J. Sevigny,
And Scott Gabriel,

Jeremy I. Silverfine, BBO #542779
Leonard H. Kesten, BBO # 542042
**Brody, Hardoon, Perkins & Kesten, LLP**
One Exeter Plaza
Boston, MA   02116
(617) 880-7100

Date: October 5, 2009

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document
was served upon the attorney of record for each other
party by mail-hand on____10/5/09____